UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN COLLINS,

    Plaintiff,

    v.

CARTER, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-896-PPS-MGG

OPINION AND ORDER

Brian Collins, a prisoner without a lawyer, filed a complaint against Commissioner Carter, Superintendent Ron Neal, Dr. Joseph Thompson, Nurse Diane Thews, Sherri Fritter, Nurse Chris Rossi, Vicki Long, Corizon Health of Indiana, and Wexford Health of Indiana regarding his medical treatment at the Indiana State prison. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Collins has been incarcerated since 1996 and has been attacked by inmates on three occasions. As a result, he suffers neck pain, back pain, and nerve pain. He is a chronic care patient and has received three medications on an ongoing basis: Excedrin, Propanol, and Pamelor. Between April 22, 2017, and May 20, 2017, he received no medication, which resulted in unnecessary pain.[1]

Collins alleges that each of the defendants was deliberately indifferent to his suffering when they allowed him to go without his medication for a month knowing he was in pain. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

---

[1] While Collins' complaint suggests that all of his medications were stopped, documents included with the complaint suggest that only Pamelor was stopped. (ECF 1 at 6, ECF 1-3 at 9, 10.)

2

Collins' complaint alleges that Commissioner Carter and Superintendent Ron Neal were deliberately indifferent to his suffering, but it does not allege that either Commissioner Carter or Superintendent Neal were personally involved with Collins' medical treatment. A lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Therefore, Collins has not alleged that either Commissioner Carter or Superintendent Ron Neal were deliberately indifferent to a serious medical need, and I cannot allow him to proceed against them.

Additionally, the complaint claims that Vicky Long, a grievance specialist, was deliberately indifferent to Collins' suffering. But, the complaint suggests that the personal involvement of Vicki Long was limited to responding to Collins' grievances, and "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Accordingly, I cannot permit Collins to proceed on his claim that Vicky Long was deliberately indifferent to his severe medical need.

Collins also asserts that Dr. Joseph Thompson, Nurse Diane Thews, Sherri Fritter, and Nurse Chris Rossi were deliberately indifferent to his suffering. For medical professionals to be held liable for deliberate indifference to a serious medical need, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the

3

appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Collins alleges that Dr. Joseph Thompson prescribed pain medications for him on a long-term basis, was aware of his need for ongoing pain medication, and intentionally allowed his medication to run out, leading to unnecessary pain and suffering. Similarly, he alleges that it was Diane Thews' job, as Chronic Care Head, to review and renew treatment for chronic care patients to ensure necessary prescriptions did not lapse, and she failed to meet this obligation knowing that Collins would experience unnecessary pain. Likewise, he alleges that Sherri Fritter (Administrative Head of Medical) knew that his medication had been stopped because he wrote her repeatedly, but she failed to take action to resolve the problem and was indifferent to his pain. And, Nurse Chris Rossi also knew that Collins' medication had been stopped and that he was suffering because of it, but she too failed to ensure his medication was renewed. Giving Collins the inferences to which he is entitled at this stage of the proceedings, I find that these allegations are sufficient. Therefore, I will allow Collins to proceed against Dr. Joseph Thompson, Nurse Diane Thews, Sherri Fritter, and Nurse Chris Rossi on his claim that they were deliberately indifferent to his suffering.

Collins has also sued Corizon and Wexford, but a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a

4

[corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* The policy must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). Collins alleges that the employees of Corizon and Wexford failed to train their employees, resulting in incompetence, but he does not provide any facts about why or how training was inadequate. He makes only conclusory allegations.[2] Therefore, Collins has not plausibly alleged a claim against either Corizon or Wexford.

For these reasons, the court:

(1) GRANTS Brian Collins leave to proceed against Dr. Joseph Thompson, Nurse Diane Thews, Sherri Fritter, and Nurse Chris Rossi in their individual capacities for compensatory damages for denying necessary medical care to Collins while he was housed at the Indiana State Prison between April 22, 2017, and May 20, 2017, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Commissioner Carter, Superintendent Ron Neal, Vicki Long, Corizon Health of Indiana, and Wexford Health of Indiana;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Joseph Thompson, Nurse Diane Thews, Sherri Fritter, and Nurse Chris

---

[2] Collins' claim that Warden Neal is liable for failure to train cannot proceed for the same reason.

Rossi at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Joseph Thompson, Nurse Diane Thews, Sherri Fritter, and Nurse Chris Rossi respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 13, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT