UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH COLLINS,

    Plaintiff,

    v.

DIANE THEWS, *et al.*,

    Defendants.

CAUSE NO.: 3:18-CV-896-PPS-MGG

OPINION AND ORDER

Keith Collins, a prisoner without a lawyer, proceeds on Eighth Amendment claims against Nurse Practitioner Diane Thews, Nurse Sherri Fritter, and Nurse Christine Rossi for compensatory damages. Collins claims the defendants were deliberately indifferent to his serious medical needs by denying him pain medication for several weeks back in 2017. Collins alleges that each defendant knew of his pain and disregarded the risk of his suffering during the month without the medication. These claims arose while Collins was housed at the Indiana State Prison. Defendants moved for summary judgment, arguing that their actions do not amount to a deliberate indifference to the Collins's medical needs. (ECF 59 at 14.)

Collins is a "Chronic Care Clinic" patient diagnosed with severe nerve damage and degenerative disc disease. (56-3, Thews Aff. at ¶ 5.) As such, he receives medications to treat pain; among them is Pamelor, which is both an antidepressant and a nerve pain medication. (*Id*. at ¶ 6.) Medical records show on April 3, 2017, Collins had

1

a Chronic Care Visit with Thews. (ECF 53-1 at 375). The next day, Collins was placed on suicide watch given concerns for potential suicidal ideation. (ECF 56-3 at ¶ 7.)

As a Nurse Practitioner, Thews has authority to see patients and order medications. (ECF 56-3, Thews Aff. at ¶ 2.) Thews was concerned about how Pamelor would interact with a second antidepressant medication, Wellbutrin, which Collins began receiving for mental health concerns. (*Id.* at ¶ 7) Before renewing Collins's prescription for Pamelor, Thews requested clearance from Mental Health to verify that no harmful interaction would occur between the two drugs. (*Id.*) Thews withheld refilling the Pamelor prescription to wait for a clearance from Mental Health but refilled the other medications that Collins was prescribed, Propanolol and Excedrin, which treat his migraines. (*Id.*)

Collins spent several weeks on either suicide watch or on a mental health hold. (*Id.* at ¶ 8.) Thews never received a response from Mental Health regarding the clearance she requested, nor did she see Collins again during the time period that he went without Pamelor. (*Id.*) According to Collins's medical records, a doctor entered a verbal order of Pamelor for him on May 11, 2017. (*Id.* at ¶ 9.) Defendant Fritter says she learned on May 13, 2017 that Collins's Pamelor prescription had been renewed and dispensed to Collins. (ECF 56-1, Fritter Aff. at ¶ 6.) Collins claims he did not receive Pamelor until May 20, 2017. (*See* ECF 59 at 1.)[1]

---

[1] There is no explanation for the discrepancy between the parties as to when Collins received Pamelor again. At the earliest it was May 13, 2017. At the latest it was May 20, 2017.

Defendants Fritter and Rossi, had limited interaction or involvement in this matter. Fritter had no authority to order or dispense medications. (ECF 56-1 at ¶ 4; 56-2 at ¶ 3.) Fritter received a grievance from Collins around May 10, stating he was not receiving a medication that he needed, but by May 13, the Pamelor prescription was refilled, and Fritter noted in her response to Collins that his prescription had now been entered and dispensed. (ECF 56-1 at ¶ 6.) Similarly, Rossi had no authority to diagnose patients or order treatment. (ECF 56-2 at ¶ 9.) Rossi received healthcare requests from Collins which asked for updates regarding his Pamelor prescription. Rossi responded by evaluating Collins's current medical records. (*Id.* at ¶¶ 6-7.]

Collins argues there are disputed material facts which make summary judgment improper. (ECF 61-1 at 26-31) Mainly, he claims that he was never seen by Thews on April 3, 2017, and that she falsified medical records submitted to this Court. (*Id.*) In an affidavit, Collins affirms that on April 3, 2017, he was confined on close observation and he would not have been authorized to leave to attend a medical appointment. (ECF 61-2 at 18.) He stated, "[n]ow that a lawsuit has been filed she has developed a[n] uncorroborating defense to attempt averting detection of her illicit conduct." (ECF 61-1 at 26-31.) Further, Collins argues that because two doctors have previously approved of his Wellbutrin medication, Thews's concerns of a harmful interaction were "non-existing." (*Id.*)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Collins' assertion that he was not seen by Thews on April 3, 2017, is unsupported by fact. Nor is there any reasonable inference in the medical record that it has been doctored. (*See* ECF 53-1 375-377.) Collins himself testified in a deposition that he did not deny the appointment occurred and did not dispute the accuracy of the medical records reflecting a visit on that date. (ECF 69, Collins Dep. Tr. at 64:12-13.) A deponent cannot contradict deposition testimony on summary judgment "without giving a credible explanation for the discrepancies." *See Abraham v. Washington Grp. Int'l, Inc.*, 766 F.3d 735 (7th Cir. 2014). Even when all facts are construed in the light most favorable to Collins and all reasonable inferences are drawn in his favor, the existence of the April 3, 2017 appointment is not a genuine issue of material fact. Furthermore, the approval by two other doctors of Collins's Wellbutrin medication in the past is irrelevant. Practitioners can have a difference in medical opinion. Simply because other medical staff have approved of the drug combination does not mean Thews was forbidden to act on her professional judgment.[2] Collins's belief otherwise does not a genuine issue of material fact.

---

[2] A internet search leads the Court to believe that Thews' concern was well-founded. A medical website lists the drug combination as a "major interaction" and instructs

To state an Eighth Amendment claim of inadequate medical care a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). A two-step analysis exists to establish deliberate indifference. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). "The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." *Id*.

For the first step of the analysis, a serious medical condition "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005). Some of the indications of a serious medical condition include whether "if untreated could result in further significant injury or unnecessary and wanton infliction of pain, . . . that significantly affects individual's daily activities, or that features chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364 (7th Cir. 1997).

For the second step of the analysis, a prisoner must prove that a prison official "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 726 (7th Cir. 2016). Neither medical malpractice nor a disagreement about medical judgment constitute deliberate indifference. *Id*. "Evidence that some medical

---

professionals to "monitor closely." *See Drug Interactions between nortriptyline and Wellbutrin*, DRUGS.COM, https://www.drugs.com/drug-interactions/nortriptyline-with-wellbutrin-1734-0-440-203.html?professional=1

5

professionals would have chosen a different course of treatment is insufficient" to support deliberate indifference. *Murphy v. Wexford Health Sources, Inc.*, No. 19-3310, 2020 U.S. App. LEXIS 19055, at *1 (7th Cir. June 18, 2020). Lastly, treatment decisions made by medical professionals are entitled deference in the context of a prisoner's Eighth Amendment claim. *Davis v. Kayira*, 938 F.3d 910 (7th Cir. 2019).

    Collins's chronic pain is a serious medical condition. The combination of degenerative disc disease and severe nerve damage is within the definition provided by the Seventh Circuit. His condition has been diagnosed by a physician and requires specific treatment, significantly affects Collins's daily activities, and features chronic and substantial pain. The first step of the analysis is satisfied.

    However, it cannot be said that any of the defendants actually knew of and disregarded a substantial risk of harm. In fact, the opposite is true. Thews had a valid medical reason for withholding the Pamelor prescription and did so in Collins's best interest. Due to Collins being placed on suicide watch and taking a second antidepressant, it was within Thews's professional judgment to withhold the Pamelor for fear of a harmful interaction. A prisoner is not entitled to a specific medical treatment even if he is accustomed to receiving a certain medication. Furthermore, the other two defendants, Fritter and Rossi, had little involvement in this matter and responsibly relied on Collins' medical records when responding to him.

    In sum, while it is certainly unfortunate that Collins had to endure a month without his one pain medication, he has not presented a genuine issue of material fact on the critical issue of whether the defendants were deliberately indifferent to his

serious medical needs. In fact, the evidence is to the contrary. For these reasons, the defendants' Motion for Summary Judgment (ECF 55) is GRANTED. The Court DIRECTS the Clerk to enter judgment in favor of the defendants and close this case.

SO ORDERED on August 5, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT